UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
IRAM SERRANO,

                Plaintiff,

— against —                       **MEMORANDUM and ORDER**

MICHAEL J. ASTRUE,[1] COMMISSIONER         05-CV-1356 (SLT)
OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------X
**TOWNES, United States District Judge:**

      Plaintiff, Iram Serrano, brings this action pursuant to the Social Security Act, codified at 42 U.S.C. § 405(g) and 1383(c)(3). Serrano proceeds *pro se* and seeks review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner" or "the government") finding that income received by Maritza Arcelay, as Serrano's spouse, was attributable to Serrano for the purposes of determining his correct SSI benefit amount. Plaintiff also claims that he is entitled to disability insurance benefits ("DIB") under Title II of the Social Security Act.

      The government moves to remand the matter to develop the record regarding Serrano's income, resources and expenses with respect to plaintiff's SSI claim. The government's motion is granted.

---

[1] Michael J. Astrue has been substituted for Joanne Barnhart pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 25(d)(1) (providing that "[w]hen a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party").

## BACKGROUND

Serrano applied for SSI and DIB in 1989. Serrano's 1989 application was denied in July 1990 at the reconsideration level and his 1990 application for SSI was denied in March 1991 at the initial level. *See Serrano v. Comm'r of Soc. Sec.*, No. 03-CV-2075, 2004 WL 253291 at *1, (S.D.N.Y. Feb. 10, 2004) *appeal dismissed*, No. 04-CV-1724 (2d Cir. Aug. 27, 2004).

In 1994, Serrano again applied for SSI benefits. (Tr. 13, 25.) In August 1994, the State Agency deemed Serrano disabled as of April 1, 1994, due to major depression. (Tr. 13, 25.) Since August 1994, Serrano has received monthly SSI payments. Serrano challenged the amount of his monthly SSI payments and the Social Security Administration affirmed the initial determination in October 1995. (Tr. 13.) Serrano requested a hearing and in June 1997, an ALJ vacated the October 1995 determination and remanded the case for evaluation of new documentation provided by Serrano, for a recalculation of his chargeable rental income and monthly SSI payment, and for issuance of a revised reconsideration determination. (Tr. 13.) In September 2000, the Appeals Council vacated the ALJ's order and remanded Serrano's case to an ALJ for further proceedings. (Tr. 13.)

In compliance with the September 2000 order, the ALJ issued a Notice of Hearing, dated March 26, 2001, wherein he informed Serrano that the hearing would address his living arrangements and marital status as well as his income and resources to determine if they exceed the allowable limits under the Social Security Act. (Tr. 18.) The ALJ directed Serrano to bring a number of documents with him to the hearing. (Tr. 18.) Those documents included *inter alia*: Serrano's tax returns from 1994 through the present; the most recent deed to the property located at 387 Sumpter Street, Brooklyn, New York; written statements provided by tenants in the

building attesting to the rent they pay; repair bills since 1994 related to the Brooklyn home; insurance coverage description; and a written statement describing the Brooklyn home. (Tr. 18.) On April 23, 2001, Serrano testified at a hearing before ALJ Vecchio. (Tr. 25.)

By Notice of Decision dated October 29, 2001, ALJ Vecchio concluded that Martiza Arcelay was Serrano's spouse for SSI purposes, the Brooklyn home was a factor relevant to the determination of Serrano's correct SSI benefit amount, and Serrano's SSI payments since April 1994 were subject to deeming of any net rental income received by Arcelay during that time. (Tr. 26-27.) Serrano requested a review of the hearing decision and, by order dated January 10, 2003, the Appeals Council granted the request for review, vacated the hearing decision, and remanded the case to an ALJ for further administrative proceedings. (Tr. 65.) The Appeals Council could not reach a decision because the record of Serrano's original disability file and the tape of the hearing could not be found. (Tr. 65.) Thus the Appeals Council did not reach the merits and permitted Serrano to submit additional evidence. (Tr. 65.)

Serrano, *pro se*, appeared before ALJ Vecchio in July 2003. (Tr. 88-106.) In October 2003, ALJ Vecchio issued an unfavorable decision which Serrano appealed. The Appeals Council denied Serrano's request for review on November 18, 2004. (Tr. 5-8.) Serrano timely appealed to this Court.

## **DISCUSSION**

A.  *Statutory and Regulatory Overview*

Unlike social security disability benefits, for which there are no income or resource limitations, SSI is a needs-based program; thus, a claimant who is medically eligible for SSI

must further establish a financial need to qualify.[2] 42 U.S.C. § 1382(a). For an individual who lives with a spouse, the individual's resources are "deemed to include any resources . . . of such spouse whether or not such resources are available to such individual." 20 C.F.R. § 416.1202. The combined resources of the claimant and his cohabiting spouse must total no more than $3,000. *See* 42 U.S.C.. § 1382(a)(3)(A). As defined by the regulations, "[a] deemor is a person whose income and resources are required to be considered when determining eligibility and computing the SSI benefit for an eligible individual [.]" 20 C.F.R. § 416.1208(a)(2).

Pursuant to 42 U.S.C. § 405(g), this Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Section 405(g) standard of review in disability insurance proceedings under Title II of the Social Security Act also applies to supplemental security income proceedings under Title XVI of the Act. See 42 U.S.C. § 1383(c)(3). Similarly, the analysis of supplemental income claims under Title XVI parallels, in relevant part, the statutory and regulatory framework applicable to disability claims under Title II. *See Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003).

Remand is warranted where there are gaps in the record and further development of the evidence is needed, or where the ALJ has applied an improper legal standard. *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir.1999); *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir.1996) (citation omitted).

---

[2] The government does not contest that Serrano is medically eligible for SSI.

B.      *The Evidence Before the Administrative Law Judge*

During the July 2003 hearing, Serrano testified that: he received SSI benefits since 1994; he should receive DIB benefits in addition to SSI; he lived with Ms. Arcelay and they have two children together; Serrano and Arcelay were not legally married; they had a joint bank account; and Ms. Arcelay owns a home and derives rental income but the net income is applied towards debts and expenses. (Tr. 95-103.) Ms. Arcelay did not appear and Serrano did not provide the ALJ with any documents attesting to his finances or to the Brooklyn home owned by Ms. Arcelay. The administrative record includes no evidence concerning the income and expenses of Serrano and his wife.

The administrative record consists of two letters filed by Serrano with his request for review of the October 21, 2003 ALJ Notice of Decision, dated December 28, 2001 and December 24, 2003, correspondence, and the transcript of the hearing held in July 2003.

C.      *The Decision of the Administrative Law Judge*

By Notice of Decision dated October 21, 2003, ALJ Vecchio determined that Maritza Arcelay was Serrano's spouse for SSI purposes pursuant to section 416.1806 of the Social Security Regulations. (Tr. 13-16.) ALJ Vecchio found that Serrano's payments since April 1994 had been and continued to be subject to deeming of any net rental income received by his spouse since that time. (Tr. 16.) ALJ Vechhio directed the local District Office to contact Serrano to see if he wished to file a claim for disability insurance benefits. (Tr. 16.) At the conclusion of the hearing, the ALJ informed Serrano that the "actual calculations" of benefits were not determined by him but by Serrano's local Social Security office. (Tr. 103.)

### D.     *Remand is a Proper Remedy*

In a case in which the primary problem with the decision below is that the ALJ failed adequately to develop the record before him, it is appropriate for this Court simply to exercise its power under 42 U.S.C. § 405(g), to "remand[ ] the cause for a rehearing." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999). Where gaps exist in the administrative record, the appropriate remedy is to remand the case to the Commissioner for further proceedings. *Id.* at 82.

The notice for the second hearing, dated May 5, 2003, did not instruct Serrano to bring any specific documentation with him to the hearing as the notice of hearing for the first hearing had. Serrano appeared before the ALJ whereas Ms. Arcelay did not appear. The government correctly asserts that the ALJ failed to develop the record to determine the level of benefits to which Serrano is entitled as ALJ Vecchio failed to obtain evidence concerning the income and expenses of Serrano and Ms. Arcelay. In seeking remand, the government states that the ALJ did not develop the record in upholding the SSA's decision to deem to plaintiff Ms. Arcelay's rental income derived from the Brooklyn home and the ALJ's decision is, therefore, incomplete. In addition, the ALJ should recalculate, if warranted, Serrano's SSI benefits as it is the ALJ's duty to develop the record and consider the evidence.

In response to the government's remand motion, Serrano writes that, "should the defendant grant the plaintiff a stipulation while in negotiation which would reflect an equitable terms and contingency agreement acceptable to both sides the plaintiff would sign and considered the case settled." (Serrano Reply at 3.) The government replied to Serrano and writes, "plaintiff does not appear to oppose remand, but primarily seeks to ensure he will receive a fair hearing." (Government Reply at 1.)

Although Serrano does not expressly oppose remand, he seeks some sort of "contingency agreement." (Serrano Reply at 3.) To the extent that Serrano seeks a stipulation or a settlement, he does not attach a proposal and the Court will not fashion one. Any such request is denied.

## E. *Disability Insurance Benefits*

To be eligible for DIB, a plaintiff must be "insured for disability insurance benefits." *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir.1989) (*quoting* 42 U.S.C. §§ 423(a)(1)(A), 423(c) (1)). This occurs if the plaintiff meets the earnings requirements, with a specific number of quarters of coverage depending on the applicant's age, or qualifies for a period of disability. 42 U.S.C. §§ 423(c)(1)(B), 416(i)(2)(A); 20 C.F.R. §§ 404.101(a), 404.130-404.133, 404.320. An individual must demonstrate the onset of disability on or before his date last insured ("DLI") in order to qualify for Social Security disability insurance benefits. *Wagner v. Sec'y of Health & Human Servs.*, 906 F .2d 856, 860 (2d Cir.1990); 42 U.S.C. § 423(c)(1).

There is no indication in the record that Serrano applied for DIB after being denied benefits in 1989. In both decisions included in the administrative record, the caption states that Serrano's claim concerns "Supplemental Security Income." (Tr. 13, 24.) The January 2003 remand order issued by the Appeals Council addresses only Serrano's claim for SSI. (Tr. 65.) Moreover, the ALJ explained that he addressed Serrano's "complaints, as stated in numerous letters, about his potential entitlement to social security disability insurance benefits" even though "the issue [was] not before [the ALJ]." (Tr. 14-15.) The ALJ informed Serrano that a determination with respect to his claim to DIB "require[d] the filing of a new application for [DIB], which he ha[d] a right to do at any time." (Tr. 15.) Notwithstanding the fact that the ALJ

explained to Serrano that he was not eligible for DIB, the issue was clearly not before the ALJ. Similarly, this Court has nothing to review with respect to Serrano's eligibility for DIB.

In response to the government's remand motion, Serrano brings to the Court's attention his litigious past and argues that he is eligible for DIB because he was "insured within the 20/40 period." (Serrano Reply at 2.) Serrano claims DIB eligibility under the decision in the *Stieberger v. Sullivan*, 792 F.Supp. 1376 (S.D.N.Y. 1992) class action settlement. In an action filed in the Southern District of New York, Serrano sought to reopen several applications for both SSI and DIB pursuant to the *Stieberger* settlement. *See Serrano v. Comm'r of Soc. Security*, No. 03-CV-2075, 2004 WL 253291 (S.D.N.Y. Feb. 10, 2004), *appeal dismissed Serrano v. Comm'r of Soc. Security*, No. 04-CV-1724 (2d Cir. Aug. 27, 2004)). The Honorable Leonard Sand found that Serrano was not entitled to have his applications reopened under the *Stieberger* settlement. The Second Circuit dismissed Serrano's appeal from Judge Sand's order. Any claims Serrano endeavors to raise in connection with the *Stieberger* settlement are barred as his claims have already been fully litigated and are not properly before the Court.

## **CONCLUSION**

For the foregoing reasons, the Court grants the government's motion for remand. The decision of the Administrative Law Judge is vacated and the case is remanded for further proceedings consistent with this opinion.

SO ORDERED.

Dated: Brooklyn, New York
July 1, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

-8-